**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02798-REB

PHILIP F. DOMENICO,

    Applicant,

v.

J. M. WILNER, Warden, FCI-Florence, Colorado,

    Respondent.

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

**Blackburn, J.**

This matter is before me on the *pro se* **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** ("Application") [#3][1] filed on December 1, 2009, by Applicant Philip F. Domenico. Respondents filed an **Answer to Petition for Writ of Habeas Corpus** ("Answer") [#24]. Applicant has not filed a Traverse despite being given an opportunity to do so.

I must and do construe the Application liberally because Applicant is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520 (1972) (per curiam); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I may not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110.

After reviewing the pertinent portions of the record in this case, including the

---

[1] "[#3] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Application and the Answer, I conclude that the Application should be denied.

## I. BACKGROUND

Applicant initiated this action while he was incarcerated at the Federal Correctional Institution in Florence, Colorado ("FCI-Florence"). Applicant is serving a sentence pursuant to his conviction in the United States District Court for the District of Montana. Applicant was convicted of being a felon in possession of a firearm for which he was sentenced to fifty-seven months in federal prison.

Following his sentencing in 2007, Applicant was placed in the custody of the Bureau of Prisons ("BOP") where ultimately he was designated to FCI-Florence. On his arrival at FCI-Florence, Applicant was interviewed to determine his eligibility for placement in the BOP Residential Drug Abuse Program ("RDAP"). On September 10, 2008, Applicant was notified in writing that he was eligible for placement in the RDAP, but not eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), which authorizes a sentence reduction of up to one year for inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program. Applicant was deemed not eligible for a sentence reduction based on his conviction for being a felon in possession of a firearm. (*See* [#24-1] at 52.) On September 24, 2009, Applicant began participating in the RDAP.

In the Application, Applicant asserts one claim with two sub-parts challenging the determination by the BOP that he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Applicant contends first that the BOP abused its discretion in determining that his conviction for being a felon in possession of a firearm categorically

disqualifies him from being eligible for a sentence reduction without considering the specific facts of his offense because, in his particular circumstances, the firearms he possessed were not used in either the commission of a crime or an act of violence. Applicant contends also that the BOP's 2000 RDAP rule, the operative rule used to determine his eligibility for a sentence reduction, violates the Administrative Procedure Act ("APA") because it was promulgated in violation of the notice and comment provisions of the APA, constitutes an abuse of discretion, and is arbitrary and capricious. As relief, Applicant asks that the BOP be ordered to review and qualify him for the sentence reduction authorized in § 3621(e)(2)(B).

Respondent counters first that Applicant's claim should be dismissed as unexhausted to the extent he is challenging the 2000 RDAP rule under the APA. Respondent argues also that both sub-parts of Applicant's claim lack merit. Because I agree that both sub-parts lack merit, I need not and will not address whether Applicant has exhausted administrative remedies for his arguments relating to the APA.

## II. DISCUSSION

Congress has directed the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for inmates to participate in RDAP, § 3621(e)(2)(B) provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." As is apparent from the plain language of § 3621(e)(2)(B), the BOP has discretion to reduce the sentence of

an inmate convicted of a nonviolent offense who successfully completes RDAP.

In 1997, the BOP promulgated an interim regulation to interpret and implement § 3621(e)(2)(B).  On December 22, 2000, the BOP replaced the 1997 interim regulation with a final regulation.  *See* 65 Fed. Reg. 80745-80849.  The final 2000 RDAP rule, which was codified at 28 C.F.R. § 550.58, provided in relevant part as follows:

> (a)(1) As an exercise of the discretion vested in the Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> . . .
>
> (vi) Inmates whose current offense is a felony:
>
> . . .
>
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) . . . .

On January 14, 2009, the BOP promulgated a new RDAP rule that replaced the 2000 RDAP rule. The 2009 RDAP rule became effective on March 16, 2009.  *See* 74 Fed. Reg. 1892-1897.  The 2009 RDAP rule provides, in relevant part, as follows:

> (b) Inmates not eligible for early release.  As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
>
> . . .
>
> (5) Inmates who have a current felony conviction for:
>
> . . .
>
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

4

28 C.F.R. § 550.55(b) (2009).

Originally, Applicant was deemed ineligible for a sentence reduction in September, 2008, under the 2000 RDAP rule. (*See* [#24-1] at 52.) Applicant does not deny that the offense for which he was convicted, felon in possession of a firearm, disqualified him for early release under the 2000 RDAP rule. Instead, he argues that the BOP's failure to examine the particular facts of his case, which would demonstrate his weapons were not used in either the commission of a crime or an act of violence, constitutes an abuse of discretion. Applicant relies on the decision of the United States Court of Appeals for the Ninth Circuit in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), to challenge the validity of the 2000 RDAP rule under the APA.

Applicant's first argument, that the BOP abused its discretion by categorically excluding inmates convicted of certain offenses from receiving a sentence reduction under § 3621(e)(2)(B), is foreclosed by the decision of the United States Supreme Court in *Lopez v. Davis*, 531 U.S. 230 (2001). In *Lopez*, the Supreme Court specifically addressed "whether the Bureau has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm. 28 CFR § 550.58(a)(1)(vi)(B) (2000)." *Lopez*, 531 U.S. at 238. The Supreme Court noted initially that this question was not resolved by the language of § 3621(e)(2)(B) itself because, "[b]eyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so." *Id*. at 242. As a result, "all we must

decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap in a way that is reasonable in light of the legislature's revealed design." *Id*. (internal quotation marks omitted).  The Supreme Court concluded ultimately that the BOP's "interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions." *Id*.  With respect to the issue of categorical exclusions, the issue Applicant raises in the instant action, the Supreme Court stated that the BOP is not required to engage in individualized assessments that "could invite favoritism, disunity, and inconsistency." *Id*. at 244.  The Supreme Court held specifically that the 2000 RDAP rule "is a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)." *Id*. at 233.

Following *Lopez*, the Tenth Circuit determined that an inmate convicted of being a felon in possession of a firearm, the same offense for which Applicant was convicted, is not eligible for a sentence reduction under § 3621(e)(2)(B) pursuant to the 2000 RDAP rule.  *See Martin v. Rios*, 472 F.3d 1206 (10th Cir. 2007).  Therefore, I find that the first sub-part of Applicant's claim in which he challenges his categorical exclusion from eligibility for a sentence reduction under § 3621(e)(2)(B) lacks merit.

Applicant contends also that the BOP's 2000 RDAP rule violates the APA because it was promulgated in violation of the notice and comment provisions, constitutes an abuse of discretion, and is arbitrary and capricious.  These APA-related arguments are premised on the Ninth Circuit's decision in *Arrington*.  In *Arrington*, eighteen prisoners in Oregon who were convicted of offenses involving the carrying,

possession, or use of a firearm challenged the 2000 RDAP rule as arbitrary and capricious under the APA because, "although the Bureau has the authority to implement a categorical exclusion of prisoners who are otherwise statutorily eligible for early release," the BOP failed to state a rationale for the categorical exclusion rule. *Arrington*, 516 F.3d at 1111-12. The Ninth Circuit agreed, finding that neither of the proffered rationales for the categorical exclusion, public safety and uniform applicability of eligibility requirements, withstood even the narrow and deferential standard of review under the APA. *Id*. at 1113-14. The Ninth Circuit rejected specifically the public safety rationale as post-hoc rationalization not adequately set forth in the administrative record. *Id*. at 1113. The Ninth Circuit stated that its decision did not contradict *Lopez*, because *Lopez* concerned the BOP's authority to promulgate the 2000 RDAP rule and not whether the BOP complied with the APA in promulgating the rule. *Id*. at 1114-15.

Applicant's reliance on *Arrington* is misplaced because the United States Court of Appeals for the Tenth Circuit has rejected the reasoning in *Arrington* and held that the 2000 RDAP rule does not violate the APA. *Licon v. Ledezma*, – F.3d –, 2011 WL 1137056 (10th Cir. Mar. 30, 2011). Therefore, the second sub-part of Applicant's claim also lacks merit.

In any event, even if Applicant's APA-related arguments challenging the validity of the 2000 RDAP rule did not lack merit, it appears that those arguments are moot. As discussed above, the BOP has replaced the 2000 RDAP rule with a new rule adopted in 2009. Respondent asserts, and Applicant does not deny, that he was deemed ineligible also for an early release under the 2009 RDAP rule after the 2009 RDAP rule became

effective. To the extent Applicant's APA-related arguments may be construed as challenging the 2009 RDAP rule in addition to the 2000 RDAP rule, the Tenth Circuit has determined "the 2009 amendment easily passes muster" under the APA. *Id.* at *6.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#3] filed on December 1, 2009, by Applicant Philip F. Domenico is **DENIED**; and

2. That this case is **DISMISSED WITH PREJUDICE**.

Dated April 5, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge